IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON FITZGERALD HENRY, | : | Civil No. 3:16-cv-2451 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| LORETTA LYNCH, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Leon Fitzgerald Henry, an inmate presently confined at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, filed the instant petition for writ of habeas corpus on December 12, 2016. (Doc. 1). Petitioner challenges his detention and deportation proceedings by the United States Immigration and Customs Enforcement ("ICE"). (*Id.*). Named as Respondents are Loretta Lynch, Attorney General of the United States; Jeh Johnson, Director of Homeland Security; John Ellington, Immigration Judge; Jeffrey Boyles, Chief Counsel for ICE; B. Heafner and Flick, ICE agents; and, S.M. Kuta, Warden of the Moshannon Valley Correctional Center. (*Id.* at p. 1, ¶ 2). For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Pennsylvania.

## Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28

U.S.C. § 2242; *see also* § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted); *Cox v. Holt*, 2009 WL 4015567, at *1-2 (M.D. Pa. 2009).

The United States Supreme Court, interpreting section 2241, has held that the "plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443. Further, the jurisdiction over a petition for a writ of habeas corpus is determined at the time the petition is filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990).

Petitioner is challenging his present confinement and deportation proceedings by ICE. (Doc. 1). Petitioner is currently confined in the Moshannon Valley Correctional Center and he filed the instant petition while incarcerated at that facility. The Moshannon Valley Correctional Center is located in Philipsburg, Clearfield County, Pennsylvania. Clearfield County is in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Applying the "district of confinement rule" to this case, the United States District Court for the Western District of Pennsylvania has jurisdiction because Petitioner is currently confined in that

district, and was confined in that district at the time he filed his habeas petition. *Rumsfeld*, 542 U.S. at 444. Thus, this Court does not have jurisdiction over the instant habeas petition and the action will be transferred to the Western District of Pennsylvania. *See Tsoukalas v. United States*, 215 F. App'x 152 (3d Cir. 2007) (providing that jurisdiction over a § 2241 petition filed by a Moshannon Valley inmate rests with the United States District Court for the Western District of Pennsylvania).

A separate order follows.

Date: January 12, 2017

Robert D. Mariani
United States District Judge